UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:17-CR-55 |
| | ) | |
| v. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| PRUDENCIO RODRIGUEZ | ) | |
| | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and submits this Sentencing Memorandum to show that the Defendant is a career offender pursuant to the terms of the United States Sentencing Guidelines. In support of its position, the United States argues as follows:

## BACKGROUND

The Court originally scheduled sentencing in this case for December 12, 2017. On that date, the United States raised a belated objection to the guidelines calculations contained within the Final Presentence Investigation Report ("PSIR"). The United States argued that the Defendant's prior convictions for "Aggravated Assault with a Deadly Weapon" (DE 21 ¶ 32) and "Felony Manucature Methamphetamine" (DE 21 ¶ 37) made the Defendant a career offender pursuant to United States Sentencing Guidelines Section 4B1.1(a). The Defendant asked for a continuance in order to investigate the issue, and the Court granted the Defendant's request. The parties (and the United States Probation Office) have now discussed the issue at length, and the United States continues to believe the Defendant is a career offender under Guidelines Section 4B1.1(a). The Court has rescheduled sentencing for April 19, 2018, and the United States anticipates that sentencing will go

forward on that date. This Sentencing Memorandum argues for treating the Defendant as a career offender and argues that the appropriate guidelines range is 262-327 months.

**DISCUSSION**

United States Sentencing Guidelines Section 4B1.1(a) provides, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Defendant was thirty years old when he committed the offenses of conviction. The offenses of conviction are, with respect to Count One, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and, with respect to Count Three, possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Each is a controlled substance offense for purposes of the career offender analysis.[1] The remaining question is whether the Defendant has previously obtained "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As set forth below, he has.

**A. "Felony Manufacture Methamphetamine" Is a Controlled Substance Offense.**

Paragraph 37 of the PSIR documents that, on or about July 21, 2014, in Henderson County, NC, the Defendant pleaded guilty to the offense of "Felony Manufacture Methamphetamine." DE 21 ¶ 37. The Judgment shows that the Defendant admitted his guilt to a Class H felony violation of

---

[1] Guidelines Section 4B1.2(b) explains that the term "controlled substance offense" includes "an offense under federal . . . law . . . punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute[.]" U.S.S.G. § 4B1.2(b). Count One is punishable by a maximum term of twenty years, and therefore qualifies. Furthermore, Guidelines Section 4B1.2 Application Note 1 specifies that a "violation of 18 U.S.C. § 924(c) . . . is a 'crime of violence' or 'controlled substance offense' if the offense of conviction established that the underlying offense was a 'crime of violence' or a 'controlled substance offense.'" In other words, because Count One is a controlled substance offense, Count Three is one, as well.

N.C.G.S. § 90-95(b)(1a). *See* Government's Exhibit 1, Page 1. N.C.G.S. Section 90-95(b)(1a) is a punishment provision relating to the manufacture of methamphetamine, and it provides, "The manufacture of methamphetamine shall be punished as a Class C felony unless the offense was one of the following: packaging or repackaging methamphetamine, or labeling or relabeling the methamphetamine container. The offense of packaging or repackaging methamphetamine, or labeling or relabeling the methamphetamine container shall be punished as a Class H felony." N.C.G.S. § 90-95(b)(1a). Because the Judgment records the Defendant's offense of conviction as a Class H felony, the Defendant's offense of conviction must have been "packaging or repackaging methamphetamine, or labeling or relabeling the methamphetamine container." N.C.G.S. § 90-95(b)(1a).

That is a controlled substance offense. Guidelines Section 4B1.2(b) provides, *inter alia*, that "the term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture . . . of a controlled substance[.]" U.S.S.G. § 4B1.2(b). Packaging, repackaging, labeling, and relabeling are all core manufacturing activities. *See* 21 U.S.C. § 802(15) (defining "manufacture," for purposes of the Controlled Substances Act, to "include[] any packaging or repackaging of such substance or labeling or relabeling of its container"). The offense was therefore a manufacturing offense under both state and federal law, and it was punsihable by more than one year. It should count as a predicate for career offender status.

The United States acknowledges that the PSIR does not assign any criminal history points to this conviction, which might at first glance suggest that it cannot count as a prior felony conviction for career offender purposes. Guidelines Section 4B1.2(c) requires that "the sentences for at least two of the [Defendant's prior controlled substance offense or crime of violence] felony convictions

[must be] counted separately under the provisions of § 4A1.2(a), (b), or (c)" before the Defendant can qualify as a career offender. However, the rule simply means that the sentences for the two career-offender-predicate offenses must be countable separately from each other, not separately from all other past offenses. Application Note 3(A) to Guidelines Section 4A1.2 clarifies that, for the purposes of determining career offender status, a prior sentence that was collapsed into another prior sentence for purposes of calculating criminal history points "should be treated as if it received criminal history points, if it independently would have received criminal history points." U.S.S.G. 4A1.2 Application Note 3(A). "Therefore, an individual prior sentence may serve as a predicate under the career offender guideline . . . if it independently would have received criminal history points," unless, of course, Section 4A1.2 would require it to be counted together with another career-offender-predicate offense. *Id.*

For the foregoing reasons, the Defendant's conviction for "Felony Manufacture Methamphetamine," as set forth in Paragraph 37 of the PSIR, is a predicate offense for career offender purposes.

### B. "Aggravated Assault with a Deadly Weapon" Is a Crime of Violence.

Paragraph 32 of the PSIR documents that, on or about December 15, 2008, in Alachua County, Florida, the Defendant pleaded guilty to "Aggravated Assault with a Deadly Weapon." DE 21 ¶ 32. The Judgment shows that the Defendant committed violations of Sections 784.021 and 775.087 of the Florida Statutes. Section 784.021 prohibits "aggravated assault," defined as "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Fla. Stat. § 784.021. In turn, an "assault" is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat.

§ 784.011. In *Casper v. United States*, this Court held that a violation of the Florida aggravated assault statute was not a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). The Court explained:

> Under Florida law, aggravated assault is defined as "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith intent to commit a felony." Fla. Stat. § 784.021. In turn, an assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011.
>
> The Florida statute, worded as it is, requires a "threat . . . to do violence . . . and doing some act which creates . . . fear." *Id.* It says nothing regarding physical force. However, the "use, attempted use, or threatened use of *physical force*" is a necessary element of a predicate conviction under the "force clause" of the ACCA. Therefore, a violation of the Florida statute qualifies as an ACCA predicate only if violence *necessarily* requires physical force. The Fourth Circuit's holding in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2015), indicates that it does not. Moreover, as the Supreme Court noted in *Castleman v. United States*, the term "violence" can mean "even the slightest offensive touching." 134 S. Ct. 1405, 1411-13, 188 L. Ed. 2d 426 (2014). Thus, Florida's use of the term "violence" to define assault, without expressly or impliedly requiring an element of physical force, removes a conviction under that statute from service as a predicate felony for the purpose of § 924(e).

*Casper v. United States*, No. 1:08-CR-00127-MR-1, U.S. Dist. LEXIS 86098, *13 (W.D.N.C. July 1, 2016). Because of *Casper*, the United States Probation Office decided the Defendant's prior conviction was not a crime of violence for career offender purposes. The United States respectfully disagrees, for two reasons.

**First**, *Casper* was an ACCA case. This Court was determining whether the Florida aggravated assault statute qualified as a "violent felony" pursuant to the definition set forth in Title 18, United States Code, Section 924(e)(2)(B). After the Supreme Court's decision in *Johnson v. United States*, 135

S. Ct. 2551 (2015),[2] to qualify as a violent felony under the ACCA, an offense must be "burglary, arson, or extortion, [or] involve[ the] use of explosives," or it must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). Because aggravated assault is neither burglary, arson, extortion, nor (necessarily) an offense involving the use of explosives, the only question before this Court in *Casper* was the categorical one: Whether Florida's aggravated assault offense has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Court found that it does not.

Guidelines Section 4B1.2 is different, however, and presents different questions to the Court. One of the enumerated offenses in Section 4B1.2 is "aggravated assault." U.S.S.G. § 4B1.2(a)(2). That makes the inquiry simple. The Florida aggravated assault offense is a crime of violence because aggravated assault is, by definition, a crime of violence. *See, e.g., Gonzalez v. United States*, No. 8:07-CR-134, 2012 U.S. Dist. LEXIS 11366, *20 (M.D. Fla. Jan. 31, 2012) (holding that "Gonzalez's prior conviction for aggravated assault qualifies as a crime of violence because it is an enumerated offense under the career offender guideline" before also concluding that it would qualify based on the elements). That point alone is enough to resolve this issue.

**Second**, even if it were necessary to consider whether Florida's aggravated assault offense has "as an element the use, attempted use, or threatened use of physical force against the person of another," *see* U.S.S.G. § 4B1.2(a)(1), in this case, it does. *Casper* is distinguishable. In *Casper*, the violation of Fla. Stat. § 784.021 (aggravated assault) stood alone. Here, it does not. The Judgment shows that the Defendant was convicted under Fla. Stat. § 784.021 *and* Fla Stat. § 775.087(1). *See*

---

[2] In *Johnson*, the Supreme Court struck down the "residual clause" of the ACCA, which made any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another" a violent felony.

Page **6** of **10**

Case 1:17-cr-00055-MR-DLH    Document 26    Filed 04/16/18    Page 6 of 10

Government's Exhibit 2, Page 6. Section 775.087(1) provides, "[u]nless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery," the person shall be punished more harshly. Fla. Stat. § 775.087(1). State and federal courts have routinely held that Fla. Stat. § 775.087 is not just a sentencing enhancement. To the contrary, it adds a new element to the underlying crime. *See, e.g., Phillips v. United States*, No. 16-81080, 2016 U.S. Dist. LEXIS 125317 (S.D. Fla. Sept. 13, 2016) (reviewing Florida case law and holding that Section 775.087 adds as an element, to an attempted first degree murder charge, the use of a firearm); *Lopez-Amaro v. I.N.S.*, 25 F.3d 986, 989-90 (11th Cir. 1994) (holding that Fla. Stat. § 775.087 "enhances and reclassifies the entire offense, not merely the sentence[,]" because "before section 775.087 will apply, the State must present 'evidence establishing that the defendant had personal possession of the [firearm] during the commission of the felony,' *State v. Rodriguez*, 602 So.2d 1270, 1272 (Fla. 1992), and the 'jury must make a finding that the defendant committed the crime while using a firearm.'").

Thus, to be convicted of Aggravated Assault *with a Deadly Weapon*, in violation of Fla. Stat. § 784.021 and Fla Stat. § 775.087(1), the Defendant must have possessed a deadly weapon (or, perhaps, committed an aggravated battery) during the commission of the aggravated assault. It is more than the baseline aggravated assault considered by this Court in *Casper*. The requirement that a deadly weapon be possessed, or that an aggravated battery be committed, eliminates any possibility that the threat contemplated by the aggravated assault statute itself might not have a spectre-of-physical-force component. That being the case, the offense for which the Defendant was convicted has "as an element the use, attempted use, or threatened use of physical force against the person of another."

Page **7** of **10**

Case 1:17-cr-00055-MR-DLH   Document 26   Filed 04/16/18   Page 7 of 10

U.S.S.G. § 4B1.2(a)(1). The offense was punishable by more than one year, and it is therefore a predicate offense for career offender purposes. That makes two predicate offenses, and the Defendant is a career offender.

  **C.**  **Updated Guidelines Calculation.**

Both of the counts of conviction operate to make the Defendant a career offender. One of those counts is a violation of Title 18, United States Code, Section 924(c). Therefore, Guidelines Section 4B1.1(c) applies to determine the guideline range. Pursuant to Guidelines Section 4B1.1(c)(2), "[i]n the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) or § 929(a), the guidelines range shall be the greater of—(A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) or § 929(a) count(s) to the minimum and maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) or § 929(a) count(s)," or (B) the guideline range from the table in Guidelines Section 4B1.1(c)(3). Application Note 3(C) adds that the "otherwise applicable guideline range" for the non-924(c) offense, for purposes of Guidelines Section 4B1.1(c)(2)(A), is the career offender range for that offense, if it would independently qualify for such treatment. *See* Guidelines Section 4B1.1, Application Note 3(C).

Here, Count One does independently qualify for career offender treatment. Using the career offender table from Guidelines Section 4B1.1(b), the "otherwise applicable guideline range" for Count One would be 210-262 months (using offense level 32 and CHC VI). Adding 60 months (the mandatory consecutive penalty for Count Three) to either end would result in a range of 270-322 months. Meanwhile, the guideline range for Count Three alone, as set forth in the table in Guidelines Section 4B1.1(c)(3), would be 262-327 months. The Court is instructed to apply whichever range is

"greater," but this case presents an odd situation in which one range has a higher low end, while the other has a higher high end. The United States submits that the "greater" range would be the one allowing for the highest possible guideline penalty—the one that, in this case, turns out to be the range with the more lenient low end. Therefore, the new sentencing range should be **262-327 months**.

## CONCLUSION

For the reasons stated herein, the United States argues that the Defendant is a career offender, and that his guidelines range is **262-327 months**.

Respectfully submitted, this the 16th day of April 2018.

                    R. ANDREW MURRAY
                    UNITED STATES ATTORNEY

                    By: */s/ Daniel V. Bradley*
                    Daniel V. Bradley
                    Assistant United States Attorney
                    100 Otis St., Room 233
                    Asheville, North Carolina 28801
                    (828) 259-0644
                    (704) 344-6629
                    E-mail:   daniel.bradley@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of April 2018 the foregoing **SENTENCING MEMORANDUM** was duly served upon counsel for Defendant by e-mail.

/s/ *Daniel V. Bradley*
Assistant United States Attorney