THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00055-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| PRUDENCIO RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 [Docs. 42, 44].[1]

**I.    BACKGROUND**

In April 2017, the Defendant Prudencio Rodriguez was charged with one count of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and one count of possession

---

[1] The Defendant filed his first motion for compassionate release on July 1, 2023. [See Doc. 42 at 40]. The Court received the Defendant's second motion for compassionate release on July 20, 2023. The two motions, however, are virtually identical in substance.

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [Doc. 1]. In June 2017, the Defendant pled guilty pursuant to a written Plea Agreement to Counts One and Three, and Count Two was dismissed. [Docs. 12, 14]. On April 19, 2018, the Court sentenced the Defendant to a term of 132 months' imprisonment on Count One and a term of 60 months' imprisonment on Count Two, to run consecutively, for a total term of 192 months. [Doc. 27]. The Defendant appealed [Doc. 29], but the Fourth Circuit dismissed his appeal as barred by his appeal waiver in his Plea Agreement [Doc. 38]. The Defendant is presently incarcerated at USP Hazelton, and his projected release date is June 15, 2030.[2]

The Defendant now moves the Court for a compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 42].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

---

[2] See https://www.bop.gov/inmateloc/ (last visited July 18, 2023).

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for

release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

The policy statement set forth in § 1B1.13, however, is not binding on this Court. Section 1B1.13 was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy

4

statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, while this policy statement "remains helpful guidance even when motions are filed by defendants," id. at 282 n.7, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

Here, the Defendant asserts that "[t]he unprecedented threat of COVID-19 . . . poses extraordinary risk to [his] health" and that his diagnosed medical conditions "make him especially vulnerable to the deadly risks of COVID-19." [Doc. 42 at 1].

A review of the Defendant's BOP medical records indicates that the Defendant does, in fact, suffer from a number of serious conditions--—including fatty liver disease, heart disease, hypertension, and morbid obesity—which place him at an increased risk from serious illness or death from COVID-19. [See Doc. 43]. These records indicate, however, that BOP medical personnel are carefully monitoring the Defendant's conditions and

5

providing appropriate care. [See id. at 31-33 (listing current conditions, counseling, and medications)]. One of the most recent records from January 2023 indicates that the Defendant has been referred for evaluation for bariatric surgery. [Id. at 2].

As for his COVID risk, the records indicate that the Defendant tested positive for the virus in early 2021 and developed pneumonia as a result. [Id. at 33]. However, the records indicate that this illness has resolved, and there is no mention in the record of any long-term complications as a result of this COVID infection.[3]

The Court further notes that the BOP has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has offered a vaccine to all inmates and staff, which offers inmates further protection from the virus. Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained

---

[3] The records also do not indicate whether the Defendant agreed to receive the COVID-19 vaccine, which was offered to all BOP inmates.

based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus again while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious, as he was found to be in possession of a significant quantity of methamphetamine, along with a firearm. The Defendant was also on probation at the time that he committed the present offense. Additionally, the Defendant has a serious criminal history, including convictions for grand theft, aggravated assault with a deadly weapon, felony manufacture of methamphetamine, and felony

7

possession of a firearm.  The Defendant was designated as a career offender, but independent of that designation had accumulated enough criminal history points (16) to reach a criminal history category of VI.  In light of the serious nature of the Defendant's offense and his criminal history, the Court finds that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 [Docs. 42, 44] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge